IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

ANNE M. MARTZEN
aka ANNIE M. TRAPPER,
aka ANNE M. TRAPPER,
        Debtor

CHAPTER: 13
CASE NO. 5-17-03499-JJT

JUDGE JOHN J. THOMAS

# AMENDED
## OBJECTIONS OF RICHARD J. MARTZEN
### TO THIRD AMENDED PLAN

The Amended Objections of Richard J. Martzen, by his attorneys, Doran & Doran, P.C. to the Debtor's Third Amended Chapter 13 Plan filed by the Debtor are as follows:

1. The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on August 24th, 2017.

2. On May 31st 2018, the Debtor filed a Third Amended Plan.

3. The Plan violates §1325 (a)(6) which requires that a Debtor be able to make all payments under the Plan and comply with the Plan.

4. When the Debtor amended her Schedule I and J in September of 2017, she indicated that there was net income of $741.05 per month available for the payment of creditors. Despite this, the Debtor was not able to remain current on her payments under the terms of the previous amended plan and is already delinquent under the terms of the proposed Third Amended Plan.

5. On May 31st, 2018, the Debtor again amended her Schedules I and J and now shows disposable net income of $1,644.00.

6. The Amendment suggests that it was based on higher income for one month of operations.

1

7. There is no basis to explain the large increase in the Debtor's net income particularly in view of the fact that the Plan is still delinquent.

8. In Section 5 of the proposed Third Amended Plan, the Debtor indicates that she has a Farm Lease Agreement with Paul and Gertrude Martzen (Richard Martzen) and is assuming that lease.

9. On May 11, 2018, Richard J. Martzen filed a Motion for Relief from the Automatic stay seeking to evict the Debtor from property at 299 Little Keen Road where the Debtor is conducting some of her farming operations, and which property is believed to be the subject of the alleged Lease.

10. If the Motion for relief is granted and the Debtor evicted, the proposed Plan will not be feasible.

11. The pending Motion for relief should be resolved before plan confirmation, so that the Court and creditors can appropriately evaluate the feasibility of the proposed Chapter 13 Plan.

12. Movant objects to Section 5 of the Plan which proposes to assume a Farm Lease Agreement. Movant does not believe that the Debtor has a valid lease.

13. Although the Third Amended Plan references a Farm Lease Agreement and the Debtor's response to the Motion for relief from the automatic stay references a Farm Lease Agreement, the purported Lease was never mentioned in any of the prior two Chapter 13 plans filed by the Debtor, and is not included as an asset or executory contract disclosed in the Debtor's schedules or any amendment to the schedules filed to the date of this objection.

14. Even if the Court determines that the Lease did exist at some point, it is not capable of being assumed.

15. Finally, as described to the Movant, Debtor indicates that the Farm Lease Agreement which she is attempting to assume does not require her to pay any rent at all to use the parcel of real property for an extended period of time. Although Movant disputes that there even is a lease, should the Court agree with the Debtor, the Lease itself is an asset which should

2

Case 5:17-bk-03499-JJT    Doc 52    Filed 07/03/18    Entered 07/03/18 10:09:45    Desc
Main Document    Page 2 of 4

be valued at its fair market value and the Debtor required to either sell the Lease or pay the creditors the value of the Lease asset.

16. The Debtor made a postpetition insurance claim for storm damage, which, on information and belief, has resulted in at least $24,000 in insurance proceeds being paid to the Debtor in May, 2018.

17. The insurance proceeds are property of the estate.

18. The Debtor did not amend her schedules to reflect the insurance payments or indicate if any of the funds were exempt.

19. If the insurance payments are not exempt, they should be paid into the Plan for the benefit of general unsecured creditors..

20. The Plan does not address the insurance proceeds.

WHEREFORE, the Objector requests that the confirmation of the Third Amended Plan be denied.

DORAN & DORAN, P.C.

BY: _/s/ Lisa M Doran_
LISA M. DORAN, ESQUIRE
Attorneys for Movant
69 Public Square, Ste. 700
Wilkes-Barre, PA 18701
570-823-9111 - fax 570-829-3222
ldoran@dorananddoran.com

Dated: July 3, 2018

## Certification of Service

The undersigned, Lisa M. Doran, hereby certifies that a true and correct copy of the foregoing objection was served on the 3rd day of July, 2018, to Counsel for the Debtor and the Chapter 12 Trustee electronically, through ECF, upon filing of this Objection.

**John J. Martin**, attorney for the Debtor - jmartin@martin-law.net

**Charles J. DeHart, III**–Trustee –dehartstaff@pamd13trustee.com -TWecf@pamd13trustee.com

                                       _/s/ Lisa M Doran_
                                       Lisa M. Doran, Esquire

4

Case 5:17-bk-03499-JJT    Doc 52    Filed 07/03/18    Entered 07/03/18 10:09:45    Desc
Main Document    Page 4 of 4